UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL CRAWFORD, | CIVIL CASE NO. 1:17-cv-309 |
| | CRIMINAL CASE NO. 1:12-cr-126-6 |
| Petitioner, | Judge Michael R. Barrett |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## OPINION AND ORDER DENYING SECTION 2255 MOTION

This matter is before the Court on Petitioner's motion to vacate under § 2255 (Doc. 215) and Respondent's response (Doc. 217). For the reasons that follow, the Court denies the motion.

**I. BACKGROUND**

On September 11, 2013, the Court entered judgment against Petitioner, pursuant to his guilty plea, to conspiracy to possess with intent to distribute 100 grams or more of heroin (count 1: 21 U.S.C. § 846, §§ 841(a)(1), and (b)(1)(B)(i)). (Doc. 178). The statutory minimum term of imprisonment for such an offense is five years and the maximum is 40 years. 21 U.S.C. § 841(b)(1)(B)(i).

According to his presentence report ("PSR"), using the then-applicable 2012 sentencing Guidelines (PSR, ¶ 53), Petitioner's adjusted offense level was 34. (*Id.* ¶ 61). The PSR then reflects consideration of three prior Ohio convictions for a crime of violence and two controlled substance offenses (assault, trafficking in marijuana, and trafficking in cocaine) for purposes of a career-offender designation under Guideline § 4B1.1(a). (*Id.* at ¶¶ 62–63). The career-offender designation also resulted in an offense level of 34. (*Id.*

1

at ¶ 63). After reductions for acceptance of responsibility, Petitioner had a total offense level of 31. (*Id.* at ¶¶ 64–66). He was assigned to Criminal History category VI, notwithstanding having only 12 criminal history points (otherwise translating to category V), due to his career-offender status. (*Id.* at ¶ 87). Petitioner was accordingly subject to a sentence range of 188–235 months. (*Id.* at ¶ 123). The Court sentenced Petitioner to 108 months in prison. (Doc. 178).

Petitioner did not appeal his conviction. Instead, over three years later, he filed the instant motion presenting two claims. First, relying on *Mathis v. United States*, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016), Petitioner argues that his career-offender designation was unlawful, where the Ohio statute giving rise to his two prior drug trafficking convictions is both divisible and broader than the federal definition of "controlled substance offense." (Doc. 215, PAGEID #: 600). Second, and also relying on *Mathis*, Petitioner argues that his Ohio felonious assault conviction is no longer a "violent felony" for purposes of the career-offender enhancement.[1] (*Id.* at PAGEID #: 605).

## II. STANDARD OF REVIEW

A petitioner using § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (internal quotation omitted). Such contentions must be supported by a preponderance of the evidence. *Id.*

---

[1] Petitioner refers to his Ohio assault conviction as a "violent felony" and dedicates a significant portion of his briefing to cases construing the ACCA. (Doc. 215, PAGEID #: 605–08). Petitioner was not convicted under the ACCA.

### III. ANALYSIS

#### A. Waiver

The court begins with the effect of Petitioner's waiver of appellate rights in his plea agreement. Generally, a waiver of § 2255 rights in a plea agreement is enforceable. *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001) (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)). But such waivers, to the extent ambiguous, may be construed against the government. *United States v. Bowman*, 634 F.3d 357, 360 (6th Cir. 2011). The plea agreement here contains a waiver of "all rights to appeal the sentence imposed," but does not specifically refer to § 2255 collateral challenges to his sentence. (Doc. 92). In the Court's view, the waiver is silent on § 2255 rights or at least ambiguous. In that case, the Court does not find that Petitioner's plea agreement as such forecloses the relief sought.

#### B. Statute of limitations

Having avoided that early roadblock, however, Petitioner hits another when it comes to the timing of his motion. He filed the § 2255 motion May 1, 2017.[2] A § 2255 motion must be initiated within the statute of limitations set forth in § 2255(f). As relevant here, if not filed within a year of the finality of the judgment of conviction (§ 2255(f)(1))—long since passed in this case—the motion must be filed within a year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" § 2255(f)(3). Unfortunately for Petitioner, "the Supreme Court did not announce a new rule of law in *Mathis*" for purposes of § 2255(f)(3). *Snow v. United*

---

[2] Absent evidence to the contrary, the Court assumes that Petitioner's § 2255 motion was filed the date he signed it. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

*States*, No. 17-1538, 2017 WL 9324735, at *1 (6th Cir. 2017) (citation omitted). *See also Raines v. United States*, 898 F.3d 680 (6th Cir. 2018) ("'*Mathis* involved an old rule of statutory law, not a new rule of constitutional law.'") (quoting *Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 2018)). His claims are accordingly time-barred.

    **C.**    **Merits**

While not required to address the merits, given the statute-of-limitations determination, the Court highlights the fact that the career-offender designation in this case did not impact Petitioner's total offense level for purposes of the Guidelines. To the extent that it impacted his Criminal History category, the range would have been 168–210 months as opposed to 188–235 months. Petitioner was sentenced to 108 months—well below both the maximum statutory or either minimum Guideline applicable to his offense. In that case, a resentencing absent the career-offender designation would make no practical difference to Petitioner.

**V.**    **CONCLUSION**

For the foregoing reasons, Petitioner's § 2255 motion (Doc. 215) is hereby **DENIED**. The Court will not issue a certificate of appealability. *See* Rules Governing Sec. 2255 Proceedings for the U.S. Dist. Courts, Rule 11(a). Petitioner's § 2255 motion is not "debatable among reasonable jurists," subject to being "resolved differently on appeal[,]" or "adequate to deserve encouragement to proceed further." *Poandl v. United States*, No. 1:12-cr-00119-1 (1:16-vc-00286), 2017 WL 1247791, at *17 (S.D. Ohio April 5, 2017) (citing *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 7 N.4 (1983))). Petitioner has also failed to make a substantial showing

of the denial of a constitutional right.  *Id.* (citing 28 U.S.C.A. § 2253(c) and Fed. R. App. 22(b)).

**IT IS SO ORDERED**.

s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court